**IN THE COURT OF APPEALS OF IOWA**

No. 13-1907
Filed July 30, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRYAN EUGENE LOLWING,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, James A. McGlynn, Judge.

Bryan Lolwing appeals from the sentences imposed upon his pleas of guilty to willful injury causing bodily injury and domestic abuse assault by strangulation. **AFFIRMED.**

Jennie L. Wilson-Moore of Wilson Law Firm, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Brianna Shriver, Student Legal Intern, Jennifer Miller, County Attorney, and Sarah Tupper, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**POTTERFIELD, P.J.**

Bryan Lolwing appeals from sentences imposed upon his pleas of guilty to willful injury causing bodily injury and domestic abuse assault by strangulation.

The district court's decision to "impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

Lolwing contends the district court abused its discretion in imposing concurrent prison terms rather than placing him on probation. The plea agreements allowed the parties to argue for what they considered to be appropriate.[1] At the sentencing hearing, corrections to the presentence investigation were noted. Testimony was presented. The State recommended that consecutive prison terms be imposed. Defense counsel argued for probation. Lolwing exercised his right of allocution. The district court provided its reasons for imposing concurrent prison terms rather than probation, stressing the defendant's minimization of the situation, his need for rehabilitation, and the need

---

[1] The defendant also contends the State's recommendation that the court impose consecutive terms breached the plea agreement. He made no objection about the State's recommendation to the district court, and consequently, the issue is not properly before us. *State v. Tyler*, 830 N.W.2d 288, 295 (Iowa 2013) ("Generally, we will only review an issue raised on appeal if it was first presented to and ruled on by the district court.").

In any event, the plea agreements here did not require either party to stand silent. *Cf. State v. Bearse*, 748 N.W.2d 211, 215-16 (Iowa 2008) (finding the prosecutor breached the plea agreement, which required the prosecutor to recommend against incarceration). The written plea to Count III—domestic abuse assault by strangulation— provides specifically, "Parties are allowed to argue for whatever sentence they deem appropriate." The order accepting the defendant's plea of guilty to Count I—willful injury causing bodily injury—states, in part: "Plea Agreement: In exchange for a plea of guilty to Count I and an *Alford* plea of guilty to Count III, the State will amend the trial information and dismiss Counts II, IV, and V at the time of sentencing. There will be open sentencing recommendations."

to protect society.  The sentences imposed (a five-year term for willful injury and a two-year term for domestic abuse assault) were within the statutory limits, and the district court considered no improper factors.  We therefore affirm.  *See* Iowa Ct. R. 21.26(1)(a), (d), (e).

**AFFIRMED.**